731 So.2d 847 (1999)
Carlos ARANGO, Appellant/Cross-Appellee,
v.
In re FORFEITURE OF FOUR HUNDRED SEVENTY-SEVEN THOUSAND EIGHT HUNDRED NINETY DOLLARS ($477,890) IN UNITED STATES CURRENCY, Appellee/Cross-Appellant.
No. 98-2698.
District Court of Appeal of Florida, Third District.
May 12, 1999.
Victor E. Rocha, Coconut Grove, for appellant/cross-appellee.
Robert S. Glazier and Stephen V. Ciaglia, Miami; Katherine Fernandez Rundle, State Attorney and Israel Reyes, Assistant State Attorney, on behalf of the South Florida Impact Task Force, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT, and JORGENSON, JJ.
PER CURIAM.
We find that Carlos Arango has no standing to challenge the probable cause determination with regard to this civil forfeiture action. See Salazar v. In re Forfeiture of $182,289.00, 24 Fla. L. Weekly D328, 728 So.2d 276 (Fla. 3d DCA 1999). As did the claimant in Salazar, Arango signed a sworn, written waiver of rights to the seized currency, then later claimed the currency was his. Although here the subsequent statement was more detailed than Salazar's conclusory "it was my property" statement, it was nevertheless insufficient to overcome the legal effect of Arango's relinquishment of rights to the currency. See id. In fact, we find Arango's subsequent claim that he earned the $477,890.00 *848 by selling cars, automotive parts, and heavy machinery, totally incredible, especially following his statements during the seizure to the police that the money represented the proceeds of a Colombian narcotics operation.
Although we need not reach the merits on the probable cause issue, we note that there was ample probable cause here to support seizure of the currency as contraband. See In re Forfeiture of $171,900 in U.S. Currency, 711 So.2d 1269 (Fla. 3d DCA 1998), and the cases cited therein.
For the reasons stated above, we dismiss Arango's appeal, and grant the cross-appeal of the State Attorney's Office.